ROGERS, Circuit Judge, dissenting. The majority very properly concludes that, when an employee’s .course of business makes it inevitable that he will violate the law in furtherance of his duties, and he proactively refuses to do so, his refusal implicates the core concern of Kentucky’s refusal-to-violate theory of wrongful discharge—preventing employees from being harmed by the choice between following the law and being out of work. However, I disagree that Alexander’s complaint does not- state a plausible claim under this theory of wrongful discharge. It is reasonable to infer from Alexander’s amended complaint that continuing along his regular course of employment would have required him to illegally sign off on defective engine blocks, thus presenting Alexander with an ultimatum—refuse or be fired. Alexander alleged that his main task at work was to ensure no defective engine blocks were shipped to Eagle’s manufacturer customers. By alleging that first-shift employees were attempting “to get him to unwittingly sign off on the shipment” of defective blocks, Alexander implies that, had he conducted business as usual, he would have been faced with inspecting the very engine blocks that the first-shift employees tampered with. Furthermore, reading the complaint in the light most favorable to Alexander, it is reasonable to infer that the first-shift employees’ behavior was likely not an isolated incident. Thus, had Alexander continued signing off on Ford engine blocks that were not marked with “E-2” as non-defective blocks, knowing that employees were masking defective blocks before the blocks reached his station, he would have been aiding an illegal scheme. Finally, a reasonable jury could take Alexander’s asking the first-shift shipping coordinator, “who was going to put their name on the documents, signing off on the shipment of these defective engine blocks, and misrepresenting the defective engine blocks as good engine blocks,” as a proactive refusal to comply—a refusal to violate the law that is protected from retaliation. Thus, Alexander’s amended complaint alleges a plausible claim for wrongful termination in violation of public policy under Kentucky law. I would therefore reverse the district court’s judgment granting Eagle’s motion to dismiss.